# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNEST NADAB,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-3537** |
| | : | |
| **JOHN WETZEL,** *et al.*, | : | |
| **Defendants.** | : | |

## O R D E R

**AND NOW**, this 16th day of October, 2020, upon consideration of Plaintiff Ernest Nadab's *pro se* Complaint (ECF No. 1), it is hereby **ORDERED** as follows:

1. The Clerk of Court shall **AMEND** the docket to include the following individuals as Defendants: (1) CO1 Wanamaker; (2) Counsel Thomas; (3) Sgt Gilliam; (4) A. King PSS; and (5) Teresa Snyder.

2. The Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons stated in the Court's Memorandum, as follows:

   a. Nadab's claims against all Defendants in their official capacities are **DISMISSED, with prejudice**;

   b. Nadab's Fourth, Eighth, and Fourteenth Amendment claims based on the loss or destruction of his property are **DISMISSED, with prejudice**;

   c. Nadab's First Amendment claims based on the loss and/or destruction of his legal property, Eighth Amendment claims for deliberate indifference to his serious medical needs, and his retaliation claims are **DISMISSED, without prejudice**, to amendment in accordance with paragraph three (3) of this Order.

3.      Nadab may file an amended complaint within thirty (30) days of the date of this Order as to those claims the Court dismissed, without prejudice.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Nadab's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Nadab should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not issue summonses until so **ORDERED** by the Court.

4.      The Clerk of Court is **DIRECTED** to send Nadab a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Nadab may use this form to file his amended complaint if he chooses to do so.[1]

5.      If Nadab does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs'

---

[1]  This form is available on the Court's website at
http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.      If Nadab fails to file any response to this Order, the Court will conclude that Nadab intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[2]      The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).